UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MICHAEL ADOLF GAMBRELL, # 227643, ) | C/A No. 4:09-0329-DCN-TER |
| ) | |
| Petitioner, ) | |
| vs ) | **REPORT AND RECOMMENDATION** |
| ) | |
| WARDEN, MCCI, ) | |
| ) | |
| ) | |
| Respondents. ) | |
| ) | |

## I.  INTRODUCTION

Petitioner is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing pro se, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 10, 2009. Respondent filed a Motion for Summary Judgment (Document # 16) on June 10, 2009, along with a Return and supporting Memorandum. The undersigned issued an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. Petitioner filed a Response (Document # 21) in opposition to the Motion for Summary Judgment on July 2, 2009.

## II.  PROCEDURAL HISTORY

The procedural history as set out by Respondent has not been seriously disputed by Petitioner. Therefore, the undisputed procedural history as stated by Respondent is set forth herein.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

Petitioner is presently confined in the McCormick Correctional Institution, of the South Carolina Department of Corrections (SCDC), as the result of his Greenville County, South Carolina, conviction and sentence for armed robbery and assault and battery of a high and aggravated nature (ABHAN). The Greenville County Grand Jury indicted Petitioner at the January 1997 term of court for armed robbery (1997-GS-23-0192) and ABHAN (1997-GS-23-0193). App. 291-99. Clay Allen, Esquire, represented him on these charges.

On February 25, 1997, he received a jury trial before the Honorable Rodney A. Peeples. The jury found him guilty as charged; and Judge Peeples sentenced him to consecutive terms of twenty-five years imprisonment for armed robbery and ten years imprisonment for ABHAN.[2] Tr. pp. 5-123.

Petitioner timely served and filed a notice of appeal. Assistant Appellate Defender Robert M. Dudek represented him on direct appeal. On December 19, 1997, Mr. Dudek filed a Final Anders[3] Brief of Appellant on Petitioner's behalf and petitioned to be relieved as counsel. The Final Anders Brief presented one issue for review:

> Whether the judge erred by allowing the solicitor to impeach appellant with strikingly similar prior criminal convictions, since the prejudicial effect of these convictions outweighed their probative value and they were also more than ten years old?

Final Anders Brief of Appellant at p. 3.

Petitioner thereafter filed his "Amendment to Appellant's Final Brief," in which he raised four issues for review:

---

[2] Judge Peeples also revoked three (3) years of a probationary sentence and ordered that time to be served concurrently with the ABHAN sentence.

[3] See Anders v. California, 386 U.S. 738 (1967).

> 1. Whether Elizabeth Elrod committed perjury to manipulate the jury into convicting the appellant?
> 2. Whether witnesses Norman Poole and Brad Kilmer committed perjury to manipulate the jury into convicting the appellant?
> 3. Whether Officer Gladys White committed perjury to manipulate the jury into convicting the appellant?
> 4. Whether Judge Peeples gave the jury improper instructions?

Final Brief of Appellant at p. 1.

The South Carolina Court of Appeals filed an unpublished Opinion on May 28, 1998, dismissing Petitioner's appeal and granting counsel's petition to be relieved. State v. Gambrell, 98-UP-295 (S.C. Ct. App., May 28, 1998). The Court of Appeals sent the Remittitur to the Greenville County Clerk of Court on June 16, 1998.

Petitioner filed a pro se Post-Conviction Relief (PCR) Application (98-CP-23-2369) on June 26, 1998. He alleged the following grounds for relief in his Application:

> 1. "By way of Ineffective Assistance of Counsel, Obstruction of Justice and Court Errors the applicant was denied Due Process and Equal Protection of law under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. As well as [Article] 1 Section 3 South Carolina Constitution. Plus, Statute Section 17-25-10 South Carolina Code Of Laws (1976). And Rule 609 Appellate Court Rules."

The State filed its Return on March 9, 1999. Supp. App. 1-6.

The Honorable Henry F. Floyd held an evidentiary hearing into the matter on December 17, 1999, at the Greenville County Courthouse. Petitioner was present at the hearing; and Michael Barcroft, Esquire, represented him. Assistant Attorney General Howard L. Steinberg represented the State. Petitioner testified on his own behalf, while the State presented the testimony of trial counsel, Mr. Allen. As the attached copy of Judge Floyd's subsequent Order of Dismissal reflects, Judge Floyd also had before him "a copy of the transcript of the proceedings against the Applicant, the records of the County Clerk of Court and the Applicant's records from the South Carolina

Department of Corrections." Order of Dismissal (98-CP-23-2369), App. p. 130.[4]

On May 22, 2000, Judge Floyd filed an Order of Dismissal, in which he denied relief and dismissed the Application with prejudice. The Order of Dismissal addressed Petitioner's claims that trial counsel was ineffective because he failed to (1) inquire as to whether any of the jurors held racially prejudiced views; (2) record or order the transcripts of the preliminary hearing; (3) conduct an adequate investigation and properly pursue discovery; (4) adequately cross-examine the witnesses; and (5) move for a continuance. Judge Floyd's Order also found that Petitioner's allegation that the State improperly used convictions for crimes that were more than ten years old to impeach his credibility was not appropriate for PCR review because the "matter was fully explored at trial and that the issue was preserved for review." Alternatively, he found that this "claim is insufficient on the merits. The State is entitled to use convictions that are more than ten years old, if the trial court finds this to be appropriate. Finally, trial counsel testified that he and the State entered into an agreement as to the use of the prior convictions and the State abided by the agreement." App. pp. 130-34.

Petitioner did not timely perfect an appeal. However, he apparently wrote the South Carolina

---

[4] A copy of this PCR hearing transcript does not exist because a transcript of this hearing was never requested until after the Court Reporter's tape of the proceeding had been inadvertently destroyed by the Court Reporter. When the Honorable D. Garrison Hill subsequently conducted a search of the Clerk's file, he was unable to locate a copy of a transcript. App. p. 284 n. 1. Rule 607(i), SCACR, provided, at the time, that "a court reporter shall retain the primary and backup tapes of a proceeding for a period of at least three years (3) after the date of the proceeding, and the court reporter may reuse or destroy the tapes after the expiration of that period." See also Harris v. State, 377 S.C. 66, 73-80, 659 S.E.2d 140, 144-47 (2008) (Any deficiency in counsel's performance arising from his failure to obtain a transcript from defendant's first trial, to use for impeaching witnesses in defendant's second trial on same charges, was inconsequential and, thus, did not amount to ineffective assistance of counsel). As discussed below, however, upon Petitioner's petition, Judge Hill conducted hearings in 2007 to reconstruct the transcript of this PCR hearing.

Supreme Court concerning an appeal; and the Clerk of that Court sent him a letter, dated December 12, 2000, directing him to contact collateral counsel about whether an appeal had been taken and providing him with copies of Rules 203 and 227, SCACR.

Petitioner filed a second PCR Application on February 18, 2003 (03-CP-23-1167). In this Application, he alleged that:

> A. Was counsel ineffective in not challenging perjured testimony used to convict the Applicant of armed robbery?
> B. Was counsel ineffective in failing to object to the trial judge's reasonable doubt instruction to the jury?
> C. Was counsel ineffective in failing to pursue objections to the trial court's allowing the solicitor to impeach the Applicant with strikingly similar prior criminal convictions more than ten years old?
> D. Was counsel ineffective in failing to file a correct Notice of Appeal to the correct Court for Appeals?
> E. Was the mandate of Brady[5] violated by the State in this case?
> F. Was PCR counsel ineffective in failing to file a Notice of Appeal from the Applicant's PCR dismissal?

App. pp 140-75.

Prior to a return being filed by Respondent, the Honorable John C. Few signed a form 4, SCRCP, Order summarily dismissing the entire Application as untimely and as successive on March 19, 2003. Petitioner, acting pro se, served and filed a timely notice of appeal. Senior Appellate Defender Wanda Hagler (nee Haile) represented him in collateral appellate proceedings.

On July 15, 2004, Petitioner filed a Petition to Remand for New Post-Conviction Relief Hearing. On August 3, 2004, the State filed a Return to Petition to Remand for New Post-Conviction Relief Hearing and opposed the request. The South Carolina Supreme Court filed an August 19, 2004 Order denying the motion because there was no hearing transcript. Petitioner thereafter filed

---

[5]See Brady v. Maryland, 373 U.S. 83 (1963).

a Petition to Remand to Reconstruct PCR Hearing. The State filed a Return to Petition to Remand for Reconstruction, in which it opposed remand as unnecessary because Judge Few had summarily dismissed the Application and there was no transcript.

The South Carolina Supreme Court filed an Order on September 23, 2004. The Supreme Court vacated the portion of Judge Few's Order that had summarily dismissed Petitioner's claim that PCR counsel was ineffective for not appealing from the Order of Dismissal, but it affirmed summary dismissal of all other allegations. It sent the Remittitur to the Greenville County Clerk of Court on October 14, 2004.

On remand, the State filed a Return and Partial Motion to Dismiss on December 14, 2004. Caroline Horlbeck, Esquire, represented Petitioner at a February 16, 2005, hearing before Judge Few. Assistant Attorney General Karen C. Ratigan represented the State. Petitioner and original PCR counsel, Mr. Barcroft, testified at this hearing. Petitioner argued that his original PCR attorney failed to file an appeal and that he had not knowingly and intelligently waived his right to appeal from Judge Floyd's Order denying relief. App. pp. 193-206.

On March 22, 2005, Judge Few filed an "Order of Dismissal Granting Austin v. State Belated PCR Appeal," in which he granted Petitioner a belated appeal from his first PCR hearing, pursuant to Austin v. State, 305 S.C. 453, 409 S.E.2d 395 (1991), but he denied all other issues as untimely under the statute of limitations for state PCR applications, S.C. Code Ann. § 17-27-45(A) (Supp. 2005), and as successive to the earlier Application. App. pp. 176-80.

Petitioner's collateral counsel served a notice of appeal from this Order. However, Petitioner's counsel did not timely serve the notice of appeal. Counsel thereafter filed a Motion to Allow Delayed filing. The South Carolina Supreme Court filed an Order of Dismissal on June 28,

2005 because counsel's failure to timely serve the notice of appeal deprived it of jurisdiction. It sent the Remittitur to the Greenville County Clerk of Court on July 15, 2005.

Petitioner filed a third Application (05-CP-23-4711) on July 27, 2005. He alleged that PCR counsel had been ineffective in failing to file an appeal, so that he could receive appellate review of the original Order of Dismissal. App. 181-88. The State filed a Return on November 9, 2005. App. 189-92.

On March 22, 2006, the Honorable Edward W. Miller filed a Consent Order, once again granting Petitioner a belated appeal of the original Order of Dismissal, in accordance with Austin v. State. Petitioner timely served and filed a notice of appeal. Ms. Carter (nee Haile) again represented Petitioner in collateral appellate proceedings.

Petitioner then filed a January 24, 2007 "Petition For Remand To Reconstruct Evidentiary Transcript Of PCR Action 1998-CP-23-2369." The State filed a Return to Petition For Remand To Reconstruct Evidentiary Transcript Of PCR Action 1998-CP-23-2369, on February 13, 2007.The South Carolina Supreme Court filed an Order on March 7, 2007, in which it (1) granted the petition to remand; and (2) remanded the matter "to the Chief Judge for Administrative Purposes for the Thirteenth Judicial Circuit to attempt to reconstruct the record of petitioner's first PCR hearing," within forty-five days of the Order. This Order further provided that:

> If the judge determines reconstruction is not possible, this Court and the parties shall be notified within fifteen days of the date of the reconstruction hearing. If the record is reconstructed, the parties shall notify this Court and the appeal will proceed.

Pursuant to the Supreme Court's Order, the Honorable D. Garrison Hill held hearings to reconstruct the record in connection with actions 03-CP-23-1167 & 05-CP-23-4711 on May 3 and 23, 2007. App. pp. 210-37; 239-81. Petitioner appeared pro se at the May 3d hearing, while Ms. Carter

represented him at the second hearing.[6] Assistant Attorney General Ratigan represented the State at both hearings. In addition to receiving an affidavit from Judge Floyd (Court's Exhibit 1), Judge Hill received testimony from Petitioner, former Assistant Attorney General Steinberg, original PCR counsel Michael Barcroft and Petitioner's trial counsel Clay Allen. App. pp. 210-37; 239-81.

Judge Hill filed an Order on June 7, 2007, in which he found that the record of the earlier PCR hearing could be and was effectively reconstructed by the evidence presented before him. He further found that there was no evidence that Judge Floyd's Order of Dismissal had not addressed all of the issues that were raised in the 1998 Application. Also, he found that the issues that had been raised, with the exception of calling a witness named Patterson, could be resolved by reference to the

trial transcript. App. pp. 284-90.

On December 21, 2007, Ms. Carter filed a Johnson Petition for Writ of Certiorari on Petitioner's behalf and petitioned to be relieved as counsel. The only "Issue Presented" in the Johnson Petition for Writ of Certiorari was stated as follows:

> Trial counsel erred in failing to subpoena and call Patterson as a witness for the defense in the case.

Johnson Petition, at p. 2. On December 21, 2007, Petitioner (through Ms. Carter) also filed a Petition

---

[6]After the original hearing, a document was submitted to the South Carolina Supreme Court and Judge Hill, supposedly pro se by Petitioner, claiming that Petitioner was mentally ill, and that he had been denied his right to counsel at the earlier hearing. The document also sought the appointment of counsel, recusal of Judge Hill and Ms. Rattigan, and it asked for the record to be struck. Therefore, Ms. Carter represented him at the second hearing; and testimony was again presented from relevant witnesses. Petitioner and counsel did not argue this motion although given an opportunity to do so. In fact, Petitioner stated that it was written by another inmate, that he was not aware that it had been written and that he did not ask the inmate to write it. App. pp. 243-48; 284-85.

for Writ of Certiorari. The only Question Presented in the Petition for Writ of Certiorari was stated as follows:

> The PCR court properly ruled that petitioner did not voluntarily waive his right to a PCR appeal in the case.

Petition for writ of Certiorari, at p. 2.

Jurisdiction over the matter was thereafter transferred to the South Carolina Court of Appeals. The Court of Appeals filed an Order on November 6, 2008, in which it granted belated appellate review of the original Order of Dismissal pursuant to Austin v. State, but - following its Johnson review of the record - it denied certiorari and granted counsel's petition to be relieved. It sent the Remittitur to the Greenville County Clerk of Court on November 24, 2008.

### III. GROUNDS FOR RELIEF

**GROUND ONE**: Trial court erred in allowing Appellant to be impeached with criminal convictions similar to those on trial (and more than ten years old).

**SUPPORTING FACTS**: Petitioner asserts his due process rights to a fair trial were violated when the trial court allowed him to be impeached with convictions similar to those he was on trial for.

**GROUND TWO**: Petitioner incompetent to stand trial and denied services of expert.

**SUPPORTING FACTS**: Petitioner asserts he was incompetent to stand trial, and he was denied services of expert, to show he was incompetent to stand trial. (See pro se Johnson Supplemental Brief - 2-15-08).

### IV. SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction

does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e); Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In Celotex, the Court held the defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner had failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

V.  **STANDARD OF REVIEW**

Review of Petitioner's claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

## VI. STATUTE OF LIMITATIONS

Respondent asserts that Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that Petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA.

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[7] Subsection (d) of the statute now reads:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As stated under the procedural history, Petitioner was convicted on February 25, 1997. Petitioner filed a direct appeal which was dismissed by the South Carolina Court of Appeals on May 28, 1998. Petitioner did not seek certiorari review in the state supreme court. The South Carolina Court of Appeals issued the Remittitur on June 16, 1998. Petitioner's conviction became final when the Remittitur was returned on June 16, 1998. See Rand v. Padula, 2009 WL 301918 (D.S.C. February 5, 2009) (citing Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir.2003) (conviction becomes

---

[7]Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F.Supp. 146, 148, n. 2 (D.N.J.1996).

final and AEDPA statute of limitations begins to run when the period for seeking discretionary review from a decision of the state's intermediate appellate court to state's highest court ends.)). Further, because the United States Supreme Court will hear appeals only from a state's court of last resort, Petitioner is not entitled to the ninety (90) day period for seeking such review in the United Sates Supreme Court. See Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007). Thus, the limitations period began to run on June 16, 1998. Petitioner filed his first PCR Application on June 26, 1998. Ten (10) days of non-tolled time passed between the conclusion of direct review and the filing of the PCR Application. The period of limitations for filing his federal habeas corpus action was tolled during the pendency of the PCR. On May 22, 2000, the state court entered an Order of Dismissal of Petitioner's PCR Application. Petitioner did not timely perfect an appeal. Thus, proceedings in Petitioner's first PCR action concluded thirty days after issuance of the May 22, 2000, Order of Dismissal, or, on June 21, 2000, since this was the last date on which Petitioner could have served a Notice of Appeal to the South Carolina Supreme Court. See Rule 203(b)(1), SCACR ("notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment").

Petitioner filed a second PCR Application on February 18, 2003. Since Petitioner did not timely appeal the dismissal of his first PCR Application, there was no PCR proceeding pending between the conclusion of the first PCR action and the filing of the second PCR Application. Thus, nine hundred and seventy-two (972) days of non-tolled time passed between the conclusion of Petitioner's PCR proceedings and the filing of his second PCR Application.[8]

---

[8]The undersigned is mindful of the Supreme Court's recent opinion in Jimenez v. Quarterman, --- U.S. --- , 129 S.Ct. 681, 172 L.E.2d 475 (2009), but concludes that it does not affect the analysis here. In Jimenez, the Supreme Court held that when state court grants a

In Petitioner's second PCR Application, Petitioner raised, among other arguments, that PCR counsel for Petitioner's first PCR Application was ineffective for failing to file a Notice of Appeal. After a summary dismissal by Judge Few and thereafter a remand by the Supreme Court of the above issue, on March 22, 2005, Judge Few filed an Order dismissing the second PCR Application and granting a belated PCR appeal. However, the appeal was not timely filed and the South Carolina Supreme Court entered an Order on June 28, 2005, denying a Motion to Allow Delayed filing. Thus, proceedings in Petitioner's second PCR action concluded thirty days after issuance of the March 22, 2005, Order of Dismissal, or, on April 21, 2005, since this was the last date on which Petitioner could have served a Notice of Appeal to the South Carolina Supreme Court. See Rule 203(b)(1), SCACR ("notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment").

Petitioner filed a third PCR Application on July 27, 2005, arguing that PCR counsel had been ineffective for failing to timely file an appeal. Since Petitioner did not timely file an appeal following

---

criminal defendant the right to file an out-of-time direct appeal during state collateral review, before defendant has first sought federal habeas relief, the date of finality of the conviction for purposes of § 2244(d)(1)(A) and the commencement of limitations period under § 2244(d)(1)(A) is the conclusion of out-of-time appeal, or the expiration of time for seeking review of that appeal. Jimenez, 129 S.Ct. at 683-87. Jimenez emphasizes that its decision is "a narrow one" limited to construing the language in § 2244(d)(1)(A) that points to the conclusion of direct appellate proceedings in state court. Id. at 686. In the present case, Petitioner was granted the right to file a belated appeal of the Order of Dismissal of his first PCR Application. Section 2244(d)(2) governs the tolling of the statute of limitations during the pendency of PCR proceedings. The Eighth Circuit has rejected an argument that Jimenez has a bearing on the question whether an application is "pending" for purposes of § 2244(d)(2), noting that "[w]hen a conviction becomes "final" for purposes of § 2244(d)(1)(A) is distinct from when an application for post-conviction review is "pending" for purposes of § 2244(d)(2)." Streu v. Dormire, 557 F.3d 960, 967 n. 2 (8th Cir.2009). See also Golden v. McCall, No. 9:08-3469-TLW-BM, 2010 WL 146164, *5 n. 16 (D.S.C. Jan. 8, 2010); Drew v. Superintendent, MCI-Shirley, 607 F.Supp.2d 277, 282 n.3 (D.Mass. 2009).

the Order of Dismissal of the second PCR Application, there was no PCR proceeding pending between the conclusion of the second PCR action and the filing of the third PCR Application. Thus, ninety-six (96) days of non-tolled time passed between the conclusion of Petitioner's second PCR proceedings and the filing of his third PCR Application. Respondent asserts that the proceedings on the third PCR Application concluded on November 24, 2008, when the South Carolina Court of Appeals sent the Remittitur.

The Houston v. Lack, 487 U.S. 266 (1987) "delivery" date for Petitioner's present Petition for Writ of Habeas Corpus in this Court is February 5, 2009. Thus, seventy-three (73) days of non-tolled time passed between the completion of Petitioner's state collateral review and the present action. Taking into account the pendency of the properly filed PCR actions, Petitioner filed the present action one thousand, one hundred and fifty-one (1,151) days after his conviction became final, clearly outside the AEDPA statute of limitations for federal habeas review.

In his Response, Petitioner argues that Austin appeals are not subject to a statute of limitations, citing Odom v. State, 523 S.E.2d 753 (SC 1999). However, Odom holds that the one year statute of limitations for filing PCR actions provided in S.C. Code Ann. § 17-27-35(A) is not applicable to appeals filed pursuant to Austin. Id. at 757-58. Odom does not speak to the one year statute of limitations provided in the AEDPA for federal habeas petitions. Thus, Petitioner's argument is without merit.[9] Petitioner has failed to comply with the one year statute of limitations

---

[9]Further, Petitioner is not entitled to equitable tolling. The Fourth Circuit has held that the federal one year statute of limitations can be subject to equitable tolling. See Rouse v. Lee, 314 F.3d 698, 704 (4th Cir.2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.2000)). However, circumstances will rarely warrant equitable tolling, and a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y.2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002). Equitable tolling applies only in the rare and exceptional

provided in § 2244(d) and dismissal of his Petition is appropriate.

## VII.  CONCLUSION

For the reasons discussed above, Petitioner's Petition is barred by the statute of limitations and, thus, it is recommended that Respondent's Motion for Summary Judgment (Document # 16) be granted and the Petition be dismissed.[10]

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

February 16, 2010
Florence, South Carolina

**The parties are directed to the important notice on the following page.**

---

circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir.2000); Marengo, 342 F.Supp.2d at 230. To obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (citing Warren, 219 F.3d at 113). Here, Petitioner has not raised equitable tolling and, thus, has not carried his burden of showing that he is entitled to equitable tolling. Further, the record reflects that following the Order of Dismissal of his first PCR Application on May 22, 2000, Petitioner wrote the South Carolina Supreme Court concerning an appeal and the Clerk of that Court sent him a letter, dated December 12, 2000, directing him to contact collateral counsel about whether an appeal had been taken and providing him with copies of Rules 203 and 227, SCACR. Nevertheless, Petitioner allowed almost three years to elapse between the Order of Dismissal of his first PCR Application and the filing of his second PCR Application, in which he requested a belated appeal. Based upon these facts, the court cannot find that Petitioner acted with reasonable diligence.

[10] If the district judge accepts this recommendation, all other pending motions will be moot.